UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| STEPHEN HOLMAN, | ) | CASE NO. 1:12 CV 1120 |
| Petitioner, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) | |
| MICHAEL PUGH, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | ) ) | |

On May 4, 2012, Petitioner *pro se* Stephen Holman, an inmate at the North Central Correctional Institution, filed the above-captioned action for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his sentence for multiple convictions, pursuant to an August 2009 jury verdict, in the Cuyahoga County Court of Common Pleas.[1]  For the reasons stated below, the Petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).  In addition, petitioner must have exhausted all available state remedies.  28 U.S.C. § 2254(b).

As the sole ground for relief, Petitioner asserts that his two consecutive six year sentences

---

[1]  Petitioner was convicted of "several counts of aggravated theft by deception, securing writings by deception, falsification, receiving stolen property, forgery, and telecommunications fraud." *State v. Holman*, 2010 WL 3910600 (Cuy.Cty.App. Oct. 7, 2010).

are "disproportionate to the offenses committed." He states he did not have a prior felony record and that the offenses were non-violent.

Construing the Petition liberally, it appears Petitioner may be seeking to assert that his sentence violates the Eighth Amendment prohibition against cruel and unusual punishment. So construed, it is plainly apparent on the face of the Petition that Petitioner is not entitled to relief. *See* Rule 4, Rules Governing Section 2254 Cases.

The Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). The sentences imposed on Petitioner did not come close to exceeding the maximum allowed for his offenses. S*ee, State v. Holman*, 2010 WL 3910600, p.7 (Cuy.Cty.App. Oct. 7, 2010). As such, they do not violate his Eighth Amendment rights. *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000).

Accordingly, this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

  S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE